UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERTO DIAZ DE LEON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOLAR MOSAIC LLC,<br><br>Defendant. | Case No.  24-cv-04081-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 13 |

The Motion to Compel Arbitration and Stay Proceedings is denied.

1. Although it's not clear they'll ultimately be able to prove it, at this stage the plaintiffs have adequately alleged standing to seek injunctive relief. Each plaintiff alleges that they would like to do business with Solar Mosaic again, for example, by securing financing for future projects. Dkt. No. 33, First Amend. Compl. at ¶ 93. But they assert that, before seeking further financing, they must be able to trust Solar Mosaic's representations in marketing, advertising, and loan proposals. *Id.* This is the sort of injury that a previously deceived consumer can rely on to establish standing for injunctive relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018). Solar Mosaic attempts to throw doubt on whether the plaintiffs would be approved for another loan from Solar Mosaic, but it offers no explanation for why. And although it's hard not to wonder whether the plaintiffs' alleged desire to do further business with Solar Mosaic is genuine, that is a factual issue that can't be adjudicated on the pleadings.

2. The plaintiffs are seeking a public injunction barring Solar Mosaic from falsely advertising the terms of its loan agreements through statements made by door-to-door salesmen and on its website. First Amend. Compl. at ¶¶ 135–137, 140–42, 153, 158. "[T]o qualify as public injunctive relief, an injunction must be 'for the benefit of the general public as a whole, as

opposed to a particular class of persons.'" *Cottrell v. AT&T Inc.*, No. 20-cv-16162, 2021 WL 4963246, at *1 (9th Cir. Oct. 26, 2021) (quoting *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535, 542 (9th Cir. 2021)). And the Ninth Circuit has recognized that claims for injunctions under California's Unfair Competition Law and Consumers Legal Remedies Act seeking relief against the use of false advertising are "paradigmatic example[s]" of public injunctive relief. *Hodges*, 21 F.4th at 542. So the plaintiffs' request for an injunction preventing Solar Mosaic from "continuing to engage in [ ] deceptive and misleading practices," including Solar Mosaic's practices of "falsely marketing the terms of its loans in loan proposals" and "failing to disclose dealer fees," is a request for a public injunction.[1] First Amend. Compl. at ¶¶ 137, 140–42. Solar Mosaic relies on the Ninth Circuit's opinion in *Hodges v. Comcast Cable Communications*, but the injunction there applied only to "a discrete subset of similarly situated persons." 21 F.4th at 548. Here, an injunction requiring Solar Mosaic to cease its deceptive practices would primarily benefit the general public because it would prevent Solar Mosaic from misleading *anyone*, not just current customers. While the plaintiffs would receive some benefit from an injunction against Solar Mosaic's false advertising, that benefit comes from their status as members of the public who would be impacted by Solar Mosaic's marketing practices in the

---

[1] The plaintiffs are seeking two types of injunctions: (1) an injunction barring Solar Mosaic's deceptive practices with respect to marketing and advertising loan options, and (2) an injunction preventing Solar Mosaic from continuing to make misleading statements on the proposed class's loan statements. The second is a private injunction, which the plaintiffs acknowledge. Dkt. No. 40, Plaintiffs' Supplemental Brief, at 7. And while Solar Mosaic argues that the plaintiffs may not receive equitable relief because they have access to an adequate legal remedy, citing *Sonner v. Premier Nutrition Corp.*, that argument seems to be primarily targeted to the latter request for a private injunction. *See* Dkt. No. 38, Defendant's Supplemental Brief, at 7–9 (citing 971 F.3d 834, 844 (9th Cir. 2020)). To the extent that Solar Mosaic seeks to apply its *Sonner* argument to the former request for a public injunction against false advertising, that is wrong. *Sonner* primarily applies when a plaintiff is seeking equitable relief for past harm. 971 F.3d at 844. And it would be implicated in this case if the plaintiffs were seeking relief for damages and injunctive relief based on the "same factual predicate." *See Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *6 (N.D. Cal. July 1, 2024) (quoting *In re Ford Tailgate Litigation*, No. 11-CV-02953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014)). But the plaintiffs' request for a public injunction does not rest on the same factual predicate as their request for damages because the request for an injunction here is primarily future-facing: The damages are intended to remedy the plaintiffs' injuries from past false advertising, while the injunction is based on Solar Mosaic's continuing false advertising.

future.

3. To be sure, there are questions about whether the Court would have equitable authority to issue a public injunction in this case. By definition, a public injunction reaches more than just the parties to the case. Specifically, in this context, the requested injunction would provide relief beyond the named plaintiffs and the proposed class of people who have previously received financing from Solar Mosaic. At least in the context of private disputes like this one, federal courts generally must not issue injunctive relief that is "more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *Epic Games, Inc. v. Apple, Inc*., 67 F.4th 946, 1002 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 681 (2024), *and* 144 S. Ct. 682 (2024). Here, it's unclear whether an injunction that applies beyond the plaintiffs and the proposed class (that is, a public injunction) would be needed to provide complete relief to the plaintiffs and the proposed class. If not, it may be inappropriate—at least in federal court—to issue a public injunction. But the scope of injunctive relief that may be warranted is an issue to be adjudicated later; at this preliminary stage, the plaintiffs' claim for public injunctive relief in federal court is not "implausible," and the provision of public injunctive relief in this case is not "foreclosed" by a decision of the Supreme Court or so "completely devoid of merit" that it would implicate this Court's jurisdiction. *Cf. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (recognizing dismissal for lack of subject matter jurisdiction is proper where a "claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (internal quotation marks and citation omitted)).

4. Under California law, a contractual provision requiring plaintiffs to waive the right to seek public injunctive relief in any forum is unenforceable. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017). The arbitration agreement here requires signatories to assent to arbitration of all claims, including claims for injunctive or declaratory relief. Dkt. No. 26-1, Exh. A to the Treece Decl., De Leon Arbitration Agreement at 18 (defining "Claim" as used in the agreement). So the plaintiffs may not bring their claim for public injunctive relief in any forum besides arbitration.

But the agreement contains a Class Action Waiver that says, in relevant part, that "[n]o arbitrator shall have authority . . . *to issue any relief that applies to any person or entity other than you and/or us individually*." *Id.* at 19 (emphasis added). By the terms of the arbitration agreement, then, the arbitrator would not be permitted to grant a request for a public injunction. *See, e.g.*, *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 831 (9th Cir. 2019) (interpreting similar language banning "relief that would affect RAC account holders other than you" as applying to public injunctive relief). Because the Class Action Waiver requires the plaintiffs to waive their claim for public injunctive relief in any forum, then, it is unenforceable against the plaintiffs in this proceeding under *McGill*.

5. Based on that conclusion, the arbitration agreement is void as it pertains to this proceeding. The arbitration agreement demonstrates the parties' intent that the Class Action Waiver is not severable from the rest of the agreement, stating that "the Class Action Waiver is material and essential to the arbitration of any disputes between them and is non-severable." De Leon Arbitration Agreement at 19. Not only does the agreement establish that the Class Action Waiver is non-severable, but it also says that if the Class Action Waiver is "voided or found unenforceable," then the agreement is "null and void with respect to" the proceeding in which the Class Action Waiver was voided or found unenforceable. *Id.*

   **IT IS SO ORDERED.**

Dated: January 7, 2025

VINCE CHHABRIA
United States District Judge